**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

ROBERT K. DEE, JR.,

    Plaintiff,

    v.

BOROUGH OF DUNMORE, BOROUGH OF DUNMORE COUNCIL, JOSEPH LOFTUS, THOMAS HENNIGAN, JOSEPH TALUTTO, FRANK PADULA, LEONARD VERRASTRO, and MICHAEL CUMMINGS, *individually and as Councilmen*,

    Defendants.

NO. 3:05-CV-1342

(JUDGE CAPUTO)

**MEMORANDUM**

Presently before the Court is Defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(c).  (Doc. 30.)  Since a federal question is before the Court pursuant to 42 U.S.C. § 1983, the Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

For the reasons set forth below, Defendants' motion for summary judgment will be granted as to Plaintiff's federal claim.  Because the Court will grant summary judgment to Defendants on the federal claim, the Court will decline to exercise supplemental jurisdiction over the remaining state law tort claims, and those claims will be dismissed without prejudice.

**BACKGROUND**

Plaintiff Robert K. Dee was employed, at all times relative to this case, as a full-

time firefighter with the Borough of Dunmore Fire Department.  The Borough of Dunmore and Local Union No. 860 of the International Association of Fire Fighters, AFL-CIO (of which Plaintiff is a member), are subject to a Collective Bargaining Agreement ("CBA").  Dee has been a full-time firefighter with the Borough since January 1, 1988.  (No. 05-1343, Doc. 33-2.)[1]

Via letter of May 20, 2005, the Borough of Dunmore Council ("Borough Council") requested from the Borough Fire Chief, Vince Arnone, a memo outlining the necessary qualifications and certifications for full-time work in the Fire Department.  This letter also requested that Chief Arnone provide documentation that each full-time (and active reserve) firefighter had met these qualifications and certifications.  (No. 05-1343, Doc. 33-3.)  In response, Chief Arnone provided to the Borough Council (at the attention of the Borough Manager, Joseph Loftus), via letter of May 23, 2005, a list of five certifications required of all full-time firefighters.  These certifications included "Essentials of Firefighting (Pa. State Fire Academy or equivalent)" and "Emergency Medical Technician (after May 1st, 1988 hire)".  (No. 05-1343, Doc. 33-4.)  Along with this list of requisite certifications, Chief Arnone provided the Borough Council with copies of all of the full-time firefighters' personnel files.  (*Id*.)  On June 28, 2005, the Borough Council, by Mr. Loftus, sent a letter to Chief Arnone stating that after reviewing the training and qualification statements that Chief Arnone had provided, it was revealed that the Plaintiff had "not completed two weeks" of training at the Fire Academy, and "has not obtained the

---

[1] Though this document lists Mr. Dee's appointment date as June 27, 1990, the settlement of prior litigation unrelated to the present action resulted in Mr. Dee's full-time appointment date being established as January 1, 1988.

2

required EMT Certification", and stated that Mr. Dee would be "suspended from the schedule, with pay" pending a Borough Council hearing scheduled for July 6, 2005, eight days later.  (No. 05-1343, Doc. 25.)

On June 30, 2005, the Scranton Times-Tribune ran a story with the headline "Firefighters suspended for not completing required training."  (No. 05-1342, Doc. 32-14.)  The author of the article had secured a copy of the letter from Mr. Loftus to Chief Arnone, but how the writer obtained the letter is in dispute.  On July 5, 2005, Plaintiff filed the present action.  (No. 05-1342, Doc. 1.)  The following day, the Borough Council met and determined that Plaintiff did satisfy the certification requirements under the CBA because he was 'grand-fathered in' and was not required to have the EMT training due to his hire date, and therefore reinstated him to the work schedule.  Plaintiff's suspension lasted from June 28 to July 6, 2005, and did not result in any loss of pay or seniority.  On July 7, 2005, the Scranton-Times ran another article under the heading "Dunmore firefighters reinstated".  (No. 05-1342, Doc. 32-15.)

On July 7, 2005, Plaintiff filed an amended complaint (hereinafter "Complaint"). (No. 05-1342, Doc. 3.)  Defendants filed an answer on August 26, 2005 (No. 05-1342, Doc. 9.)  On September 20, 2006, Defendants filed the present motion for summary judgment.  (No. 05-1342, Doc. 30.)

This motion is fully briefed and ripe for disposition.

## LEGAL STANDARD

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there

3

is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law. Where, however, there is a disputed issue of material fact, summary judgment is appropriate only if the factual dispute is not a genuine one. *See id.* at 248. An issue of material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party." *Id*.

Where there is a material fact in dispute, the moving party has the initial burden of proving that: (1) there is no genuine issue of material fact; and (2) the moving party is entitled to judgment as a matter of law. *See* CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2727 (2d ed. 1983). The moving party may present its own evidence or, where the nonmoving party has the burden of proof, simply point out to the Court that "the nonmoving party has failed to make a sufficient showing of an essential element of her case . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, and the entire record must be examined in the light most favorable to the nonmoving party. *See White v. Westinghouse Elec. Co.*, 862 F.2d 56, 59 (3d Cir. 1988). Once the moving party has satisfied its initial burden, the burden shifts to the nonmoving party to either present affirmative evidence supporting its version of the

4

material facts or to refute the moving party's contention that the facts entitle it to judgment as a matter of law.  *See Liberty Lobby*, 477 U.S. at 256-57.

The Court need not accept mere conclusory allegations, whether they are made in the complaint or a sworn statement.  *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990).  In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Liberty Lobby*, 477 U.S. at 249.

## DISCUSSION

Plaintiff's Complaint (No. 05-1342, Doc. 3) brings suit under 42 U.S.C. § 1983 for alleged violations of his civil rights pursuant to the First, Fifth[2] and Fourteenth Amendments to the United States Constitution.  Plaintiff's Count I alleges a violation of his constitutional rights due to his suspension from employment without being first provided with notice and an opportunity to be heard, thereby depriving him of a property interest without due process in violation of the Fourteenth Amendment.  This Count also alleges a First Amendment violation of Plaintiff's right to be free from injury to his reputation.  The remainder of Plaintiff's counts are tort claims under state law.  Count II alleges that Defendants invaded his privacy by intentionally making statements which placed Plaintiff before the public in a false light.  Count III alleges defamation against

---

[2] Plaintiff's Complaint cites the First, Fourth, and Fourteenth Amendments, but the Court will assume that this mention of the Fourth Amendment was in error.  The Fourth Amendment protects against unlawful searches and seizures, but there are no allegations in the Complaint that any Fourth Amendment violation occurred.  The Fifth Amendment, however, is often raised in conjunction with a cause of action under the Fourteenth Amendment, which makes the Fifth Amendment's due process protections applicable to the States.

5

Defendants for publishing in a Council meeting publication, causing a story to later be published in a local newspaper, that Plaintiff had failed to complete required training and was therefore suspended from employment.  Count IV alleges that Defendants' acts invaded his privacy by giving publicity to the private life of Plaintiff.

### A.  Plaintiff's Federal Claim under 42 U.S.C. § 1983

Plaintiff's Count I alleges that Defendants deprived him of a property interest without due process in violation of the Fifth Amendment, which is made applicable to the States by the Fourteenth Amendment.  This Count also alleges a First Amendment claim for violation of Plaintiff's right to be free from injury to his reputation.

In order to state a claim for a violation of procedural due process, a plaintiff must show: (1) a constitutionally protected interest in life, liberty, or property; (2) governmental deprivation of that interest; and (3) the constitutional inadequacy of procedures accompanying the deprivation.  *Board of Regents v. Roth*, 408 U.S. 564, 570-71 (1972).  If Plaintiff fails to establish any one of these elements, his claim may not survive.  Defendants have moved for summary judgment, claiming that Plaintiff cannot show that he was deprived of a constitutionally protected interest in his property or liberty as a result of Defendants' acts.

Reputation alone is not an interest protected by the due process clause.  *Versarge v. Twp. of Clinton, N.J.*, 984 F.2d 1359, 1371 (3d Cir. 1993) (citing *Paul v. Davis*, 424

U.S. 693, 701-12 (1976)).[3] In *Kutztown*, the Third Circuit Court of Appeals opined that in order "to make out a due process claim for deprivation of a liberty interest in reputation, a plaintiff must show a stigma to his reputation *plus* deprivation of some additional right or interest." 455 F.3d 225, 236 (2006) (emphasis in original) (citations omitted). This is referred to as the "stigma-plus" test.

In the public employment context, the "stigma-plus" test has been applied to mean that when an employer "creates and disseminates a false and defamatory impression about the employee in connection with his termination," it deprives the employee of a protected liberty interest. *Codd v. Velger*, 429 U.S. 624, 628 (1977). The creation and dissemination of a false and defamatory impression is the "stigma," and the termination is the "plus." *Kutztown*, 455 F.3d at 236.

In the present case, we need not consider whether Defendants' actions satisfy the "stigma" prong, since Plaintiff was never terminated, and therefore cannot satisfy the "plus" prong. The Third Circuit Court of Appeals has, in several cases, held that the deprivation a plaintiff suffered along with stigma to his reputation was not sufficiently weighty to satisfy the "plus" requirement, because the plaintiff in each case did not lose his job, and instead complained about some adverse employment action less drastic than discharge. *See Edwards v. Cal. Univ. of Pa.*, 156 F.3d 488, 492 (1998) (plaintiff was suspended with pay, but was not fired); *Kelly v. Borough of Sayreville, N.J.*, 107 F.3d

---

[3] According to the United States Supreme Court, damage to the reputation alone is best vindicated with a state defamation claim. *Paul*, 424 U.S. at 712. We recognize, however, that state law immunity doctrines often prevent such claims from being brought against government actors. *See, e.g., Lindner v. Mollan*, 677 A.2d 1194, 1195-96 (Pa. 1996) (doctrine of absolute privilege exempts a high public official from all civil suits for damages arising out of false defamatory statements provided the statements are made in the course of the official's duties or powers and within the scope of his authority). *Hill v. Borough of Kutztown*, 455 F.3d 225, 236 n.14 (3d Cir. 2006). See the discussion of absolute immunity, infra p. ?.

1073,1077-78 (1997) (plaintiff was reprimanded and disciplined, but was never suspended, removed, fined or reduced in rank); *Clark v. Twp. of Falls*, 890 F.2d 611, 617-20 (1989) (plaintiff's duties were changed, but he did not lose his job, and neither his grade nor his pay was lowered); *Robb v. City of Phila.*, 733 F.2d 286, 294 (1984) (plaintiff was transferred and denied a promotion, but remained employed by the City of Philadelphia at the same classification level and pay scale that he had previously had). *See also Versarge*, 984 F.2d at 1370-71 (plaintiff lost job as firefighter, but job was only a volunteer position to begin with).  *Kutztown*, 455 F.3d at 238.

Plaintiff's allegations–that his suspension with pay for a period of approximately eight days while the Borough examined his qualifications as a firefighter both deprived him of a property interest in reporting to work, and resulted in him being stigmatized in connection with this suspension (an alleged deprivation of a liberty interest)–are insufficient to state a § 1983 claim against Defendants for a violation of due process. Under this factual scenario, neither the alleged property or liberty interest rises to the level of a fundamental right.  Accordingly, Defendants' motion for summary judgment as to Count I will be granted.

### B.  Plaintiff's State-Law Tort Claims

Because the Court will grant Defendants' motion for summary judgment as to Plaintiff's federal claim, we will decline to exercise supplemental jurisdiction over Plaintiff's remaining claims, representing causes of action in tort under Pennsylvania law. Therefore, these Counts (II-IV) will be dismissed without prejudice to their being filed in

the appropriate state court.

## CONCLUSION

After reviewing all pertinent evidence from the record, the Court is of the opinion that no genuine issue of material fact exist in this case, and that Defendants are entitled to judgment as a matter of law.  Accordingly, Defendants' motion for summary judgment will be granted.

An appropriate Order follows.


March  7 , 2007                                    /s/ A. Richard Caputo
                                                                 A. Richard Caputo
                                                                 United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ROBERT K. DEE, JR., | |
| Plaintiff, | NO. 3:05-CV-1342 |
| v. | (JUDGE CAPUTO) |
| BOROUGH OF DUNMORE, BOROUGH OF DUNMORE COUNCIL, JOSEPH LOFTUS, THOMAS HENNIGAN, JOSEPH TALUTTO, FRANK PADULA, LEONARD VERRASTRO, and MICHAEL CUMMINGS, *individually and as Councilmen*, | |
| Defendants. | |

## ORDER

**NOW**, this  7th  day of March, 2007, **IT IS HEREBY ORDERED** that:

(1) Defendants' motion for summary judgment (Doc. 30) pursuant to Federal Rule of Civil Procedure 56 is **GRANTED** as to Count I.

(2) The Court declines to exercise supplemental jurisdiction over the remaining Counts II, III, and IV. These Counts are **DISMISSED** without prejudice to their being filed in the appropriate state court.

(3) The Clerk of Court shall mark this case **CLOSED**.

        /s/ A. Richard Caputo
        A. Richard Caputo
        United States District Judge