# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT K. DEE, JR.,

    Plaintiff,

    v.

BOROUGH OF DUNMORE, et al.,

    Defendants.

CIVIL ACTION NO. 05-CV-1342

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is Plaintiff Robert Dee, Jr.'s ("Dee") Motion for Reconsideration, and Alternatively Motion to Amend Judgment. (Doc. 122.) Dee requests that this Court reconsider its prior Memorandum and Order (Doc. 120) that granted judgment as a matter of law in favor of Defendants on the issue of punitive damages, and held that remittitur of the compensatory award to $50,000 was appropriate. For the reasons discussed below Dee's motion will be denied.

## BACKGROUND

The Court detailed the general background of the current case in its prior Memorandum. (Memorandum and Order 1-3, Doc. 120.) The procedural history and facts relevant to the present motion are as follows:

Dee filed the present action on July 5, 2005. (Doc. 1.) The action proceeded to trial before a jury, beginning on January 4, 2010. (Doc. 98.) After a four (4) day trial, the jury awarded $150,000 in compensatory damages against Dunmore Borough for the violation of his procedural due process rights. (Doc. 95.) The jury also awarded punitive damages in the amount of $1,000 against each of the six (6) individual defendants. (Doc. 95.) On April

21, 2010, this Court granted in part and denied in part Defendants' Post Trial Motions (Doc. 100), holding that judgment as a matter of law was appropriate in favor of Defendants on the issue of punitive damages. (Doc. 120.) This Court also held that the jury award of $150,000 was shocking to the judicial conscience, and ordered a remittitur to $50,000 or a new trial on compensatory damages. (Doc. 120.) Dee filed the present motion to reconsider that opinion on April 30, 2010. (Doc. 122.) This motion has been fully briefed by both sides and is now ripe for disposition.

## LEGAL STANDARD

A motion to alter or amend judgment is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to motion for reconsideration within twenty-eight (28) days of the entry of judgment. FED. R. CIV. P. 59(e). A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou-Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (quotation omitted). "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, Civ. A. No. 05-1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). The

reconsideration of a judgment is an extraordinary remedy, and such motions should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999).

**DISCUSSION**

Dee argues that this Court should reconsider its prior opinion and restore the jury verdict, or in the alternative, order that a new trial on damages should include both compensatory and punitive damages.  As a threshold matter, Dee does not argue that there has been any intervening change in controlling law or that there is new evidence not available at the time of the prior decision.  Therefore, reconsideration can only be based upon "a clear error of law or fact or to protect manifest injustice."  *Max's Seafood Café*, 176 F.3d at 677.

Dee first argues that it is important to uphold jury verdicts, that it was inappropriate to grant judgment as a matter of law on the issue of punitive damages, and that the remittitur to $50,000 for compensatory damages was in error.  Each of these concerns, however, was explicitly considered by this Court in its prior opinion.  (Memorandum and Order 3-4, 8, 12-17, Doc. 120.)  As stated above, "[a] motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden*, 226 F. Supp. 2d at 606.  Therefore, Dee's attempts to relitigate the merits of the prior opinion need not be addressed further here.

Dee also argues that if the remittitur is not accepted and a new trial occurs on the issue of compensatory damages, then a new trial must also be granted on punitive damages.

3

The cases cited by Dee, however, do not support this proposition and are distinguishable from the present case. In two of the cases cited by Dee, *Poulard v. Turner*, 298 F.3d 421 (5th Cir. 2002), and *Hutchinson v. Stuckey*, 952 F.2d 1418 (D.C. Cir. 1992), the jury awarded both compensatory and punitive damages. *Poulard*, 298 F.3d at 422; *Hutchinson*, 952 F.2d at 1420. In each of those cases, only the compensatory award was deemed excessive and a retrial granted. *Poulard*, 298 F.3d at 423; *Hutchinson*, 952 F.2d at 227. In light of the required reasonable relationship between the awarded compensatory and punitive damages, each court determined that retrial on the issue of compensatory damages also necessitated retrial on the issue of punitive damages. *Poulard*, 298 F.3d at 423-24 ("It is a well-established principle that punitive damages must bear a "reasonable relationship" to compensatory damages."); *Hutchinson*, 952 F.2d at 228. The present case, however, is distinguishable because unlike in *Poulard* and *Hutchinson*, there is no longer an open issue as to punitive damages. Here there is no need for a jury to consider the amount of punitive damages in comparison to an award of compensatory damages; this Court has already determined there was insufficient evidence to support any award of punitive damages. Dee also cites *Bell v. Johnson*, 404 F.3d 997 (6th Cir. 2005), in support of his argument that the issue of punitive damage must be retried. *Bell*, however, is even more readily distinguishable because in that case the court held as a matter of law that the jury erred by *failing* to award punitive damages when it should have done so given its award of compensatory damages. *Bell*, 404 F.3d at 1004. The exact opposite is true here; instead of evidence which must support an award of punitive damages, here the evidence presented did not permit the jury to award any punitive damages.

4

Indeed, it would be illogical to allow a new trial on punitive damages when this Court, as a matter of law, has entered judgment in favor of Defendants finding that there was insufficient evidence of malice to support an award of punitive damages. Effectively, Dee's argument is that he should have the opportunity to relitigate the issue of punitive damages and to potentially provide sufficient evidence to support a punitive damages award as a matter of law. Dee may not now bring forth new arguments and evidence, available at the time of trial, in support of his claim for punitive damages in this motion for reconsideration. *Hill*, 2006 WL 529044, at *2. Furthermore, to allow Dee to relitigate the issue of punitive damages after judgment had been entered would undermine the finality of this Court's judgment and ignore the principle of *res judicata*. Dee had a full and fair opportunity to provide evidence in support of his claim for punitive damages, and this Court has determined that the evidence presented was insufficient as a matter of law. Dee's request for reconsideration of the issues for a new trial will be denied.

## CONCLUSION

Each of Dee's arguments for reconsideration of this Court's prior opinion merely reargue the issues decided in that opinion. Similarly, Dee's request for a retrial on the issue of punitive damages seeks to relitigate a claim for which judgment has been entered. Because relitigation of prior decisions is inappropriate here, Dee's motion will be denied.

An appropriate order follows.

| | |
|---|---|
| June 16, 2010 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

5

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ROBERT K. DEE, JR., | |
| Plaintiff, | CIVIL ACTION NO. 05-CV-1342 |
| v. | (JUDGE CAPUTO) |
| BOROUGH OF DUNMORE, et al., | |
| Defendants. | |

## ORDER

**NOW**, this ___16th___ day of June, 2010, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 122) is **DENIED**.

                                               /s/ A. Richard Caputo
                                               A. Richard Caputo
                                               United States District Judge